IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY LEE JONES, EX-0315,  )
    Petitioner,  )
                         )
    v.  )  Civil Action No. 08-752
                         )
BRIAN V. COLEMAN, et al.,  )
    Respondents.  )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Henry Lee Jones for a writ of habeas corpus be dismissed for failure to exhaust the available state court remedies, and because no reasonable jurists could conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Henry Lee Jones, an inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus.

Jones is presently serving a twenty to eighty year sentence imposed following his conviction, by a jury, of burglary, aggravated assault, involuntary deviate sexual intercourse, simple assault and criminal conspiracy at No. CP-43-CR-782-2001 in the Court of Common Pleas of Mercer County, Pennsylvania. This sentence was imposed on January 31, 2002.[1]

---

[1] See: Petition at ¶¶ 1-7.

1

An appeal was taken to the Superior Court in which the issues presented were:

I. The trial court erred in sustaining the Commonwealth's objection to the defendant's cross-examination of the alleged victim pertaining to her belief that an ex-boyfriend had a history of drugging and raping other women.

II. The trial court erred in overruling the defendant's objection regarding the rehabilitation of Commonwealth witness Randy Norris through the reading into the record of an interview transcript by detective Michael Menster, the court also erred in admitting into evidence a copy of said transcript for the jury's consideration.

III. The trial court erred in denying the defendant's requested point for charge pertaining to "false in one, false in all" testimony.

IV. The trial court erred in denying the defendant's requested point for charge pertaining to the credibility of Commonwealth witness Randy Norris and his alleged use of drugs and alcohol on the night of the incident.[2]

On May 6, 2004, the judgment of sentence was affirmed.[3] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were presented for consideration.[4] On October 27, 2004, allowance of appeal was denied.[5]

On July 29, 2005, the petitioner executed a post-conviction petition which was filed in the Court of Common Pleas of Mercer County and is presently still pending before that court.

The instant petition was executed on May 22, 2008, and in it, Jones contends he is entitled to relief on the following grounds:

1. The trial court committed an error of law when it sustained the Commonwealth's objection to the petitioners cross-examination of state witness

---

[2] See: Exhibit Q to the answer.

[3] See: Exhibit S to the answer.

[4] See: Exhibit T to the answer.

[5] See: Exhibit V to the answer.

Crystal Warren pertaining to her relationship with her ex-boyfriend, Kevin Taylor.

2. The state witness Crystal Warren failed to identify petitioner as her attacker, clearly deprives the sentencing court of jurisdiction in which to impose its 20 to 80 year sentence.

3. Trial counsel represented petitioner with less than an acceptable level of representation when he failed to timely submit written point for jury instruction pursuant to <u>Com. v. Kloiber</u>, 348 U.S. 875 (1954).

4. Trial counsel represented petitioner with less than an acceptable level of representation when he failed to timely object to the trial court's jury instructions as a whole as required in <u>Com. v. Bishop</u>, 472 Pa. 485 (1977).

5. Trial counsel represented petitioner with less than an acceptable level of representation when he failed to timely object to the court's jury instructions as a whole, but specifically concerning the D.A.'s use of the prior written statement by Randy Norris made while confined in the county jail exculpating the petitioner from the criminal acts as charged by the state.

6. Trial counsel represented petitioner with less than an acceptable level of representation when he failed to give the state notice of petitioner's intent to submit an alibi defense to the state trier of fact pursuant to Rule 305 C(1)(a)., Pa. R. Cr. P.

7. Trial counsel represented petitioner with less than an acceptable level of representation when he failed to have the trial court instruct the jury that the first statement of alleged Codefendants Randy Norris state witness was the most reliable and has the indices of being the most truthful as mandated by the state Supreme Court in <u>Com. v. Brady</u>, 510 Pa. 123 (1986).

8. As a result of Commonwealth witness Randy Norris being treated for dementia, his evidence should have been excluded and as a result [petitioner] could not have been found guilty beyond a reasonable doubt.

9. A two year delay in acting on his post-conviction petition violated due process.

10. His conviction was improperly obtained as a result of the knowing use of perjured testimony and suppression of favorable evidence by the Commonwealth.[6]

It is provided in 28 U.S.C. §2254(b) that:

---

[6] See: Petition at ¶ 13.

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is clear that several of the issues which the petitioner seeks to raise here have never been raised in the courts of the Commonwealth and for this reason are not properly before this Court. In addition, he presently has a post-conviction petition pending in the state courts which he might be able to amend to include these unexhausted issues. However, the real question is whether or not the petitioner is being prevented from exhausting the available state court remedies as a result of the pendency of his post-conviction petition for over two years.

The reasons for the delay in disposing of the post-conviction petition are explained by the Commonwealth as follows:

In Petitioner's case, he filed a timely PCRA petition on August 3, 2005. On August 3, 2005, the trial court appointed Attorney Randall T. Hetrick as counsel

5

to represent the Petitioner in connection with his PCRA petition, however, due to a conflict, Attorney Hetrick was permitted to withdraw as counsel on August 11, 2005. Exhibit X.  Attorney Jarrett K. Whalen was appointed to replace Attorney Hetrick on August 11, 2005 and similarly permitted to withdraw due to a conflict. Exhibits Y and Z.  On August 19, 2005, Attorney Stephen Delpero was then appointed as counsel for Petitioner. Exhibit AA.  Attorney Delpero continues to represent Petitioner in the state court...

Attorney Delpero has not indicated he has any conflict in Petitioner's case. The PCRA conference took place on September 22, 2005, at which time the court entered the following order:

> ...PCRA counsel shall file an Amended PCRA Petition within thirty (30) days of the date of this Order...

Exhibit CC.  Following the entry of the court's September 22, 2005 order, the docket reflects no further action by Attorney Delpero...  The only additional activity in the Mercer County Court of Common Pleas was the October 5, 2007 order of court appointing Attorney Nesbitt as co-counsel. Exhibit FF.[7]

Cases in which the court's have considered the unreasonable delay issue, have focused on delays caused by the courts and not those caused by the petitioner or his counsel  In Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986), the Court stated "inexcusable or inordinate delay *by the state* in processing claims for relief may render the state remedy effectively unavailable." (Emphasis added). Furthermore, in Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004), the Court noted considerably longer delays than the petitioner has experienced as essentially waiving the exhaustion requirements. But it bears reiteration, that the delay which Jones has experienced is in no way attributable to the state.

Additionally, in Rose v. Lundy, 455 U.S.509 (1982) and its progeny the Court held that those petitions which contain both exhausted and unexhausted issues should be dismissed unless there is no available manner in which the petitioner can return to the state courts to raise the

---

[7] See: District Attorney's Answer at pp. 40-42.

unexhausted claims. Thus, the delay occasioned by petitioner's counsel may very well work to his advantage by providing him with an opportunity to raise all the issues which he seeks to raise here in the state courts rather than possibly face a procedural default in this Court.

Thus, because the petitioner has failed to exhaust the available state court remedies and because there is no showing here that he is prevented from doing so, his petition here is premature. Accordingly, it is respectfully recommended that the petition of Henry Lee Jones for a writ of habeas corpus be dismissed for failure to exhaust the available state court remedies, and because no reasonable jurists could conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

Entered: August 7, 2008

s/Robert C. Mitchell,
United States Magistrate Judge